ORIGINAL
OCF
c/m

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
TONY CHIN,

                  Plaintiff,

-against-

UNITED STATES POSTAL SERVICE,

                  Defendant.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 08-CV-1035 (FB) (CLP)

*Appearances:*
*For the Plaintiff:*
THOMAS F. BELLO, ESQ.
Thomas F. Bello, Esq., P.C.
2 Green Street, 2nd Floor
Staten Island, New York 10310

**BLOCK, Senior District Judge:**

This matter was dismissed because of the failure of the Plaintiff, Tony Chin ("Chin"), to effect service upon the Defendant, the United States Postal Service ("the USPS"). *See* Mem. & Order, *Chin v. U.S. Postal Serv.*, No. 08-CV-1035, 2009 WL 1702255 (E.D.N.Y. June 16, 2009) ("the June 16 Order"). Chin now moves for reconsideration of the June 16 Order. *See* Letter from T. Bello, Docket Entry No. 20 (June 19, 2009) ("the Reconsideration Letter").

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In order to have been "overlooked," the decisions or data in question must have been "put before [the court] on the underlying motion . . . ." *Range*

*Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (internal citation omitted). A motion for reconsideration cannot be used as a vehicle to "advance new theories or adduce new evidence in response to the court's rulings." *Wechsler v. Hunt Health Sys., Ltd.*, 186 F.Supp.2d 402, 410 (S.D.N.Y. 2002) (internal quotation marks and citation omitted).

The June 16 Order sets out the history of Chin's repeated failures to effect service on the USPS in this action; familiarity with that order is presumed. In support of his motion for reconsideration, Chin states that he effected service on the USPS on June 11, 2009, though he offers no affidavit of service to this effect.[1] Chin does submit a "proof of service" in the form of a USPS certified mail receipt. *See* Reconsideration Letter at 2. Chin argues that this receipt proves that the "complaint was received by the Postal Service on June 11, 2009 . . . prior to the [June 16 Order]." *Id.* at 1. Chin's counsel also states that "economic hardship" has caused him to be "not in the office on a full time basis as I was in the past years." *Id.*

Neither of these considerations was "put before [the Court] on the underlying motion," *Range Road Music*, 90 F.Supp.2d at 392; therefore, they could not have been "overlooked." *Shrader*, 70 F.3d at 257. Chin's motion therefore falls well short of meeting the "strict" standard that governs motions for reconsideration. *Id.*

Even if Chin's service upon the USPS and the "hardship" of his counsel are credited, these considerations do not cast doubt on the correctness of the June 16 Order.

---

[1] Federal Rule of Civil Procedure 4(l)(1) provides that "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."

It is undisputed that Chin failed to serve the USPS within the 120 days of March 12, 2008, the date on which his complaint was filed. *See* Fed. R. Civ. P. 4(m). Over a period of 15 months, Chin ignored "numerous express warnings" from this Court and the assigned magistrate judge that direct service upon the USPS was required. *See* June 16 Order at 5. There was therefore "no conceivable 'good cause'" to justify Chin's "repeated failure[s] to follow the Court's direct orders," *see id.*, and Chin's current motion offers nothing to indicate that this conclusion was in error.

The June 16 Order also concluded that the Court should not exercise its discretionary authority to forgive the 15-month delay in service, service that was still incomplete as far as the Court was aware. *See* June 16 Order at 5-6; *see also Zapata v. City of New York*, 502 F.3d 192, 196-97 (2d Cir. 2007) (setting out factors to guide district court discretion to forgive delays in service). The refusal to exercise that discretion rested on Chin's failure to comply with numerous court orders; Chin "failed to follow the Court's unmistakably clear order [of May 6], just as he has repeatedly failed to comply with the directives of the magistrate judge." *See* June 16 Order at 5-6; *see also* Mem. & Order, Docket Entry No. 13 at 7 (May 6, 2009) (directing Chin to effect service by May 22, 2009 (Chin failed to do so)).

Furthermore, Chin's counsel had "incorrectly and inexplicably claimed" that the USPS had already been served as of September 2008. *See* June 16 Order at 5-6; *see also* Letter from T. Bello, Docket Entry No. 16 at 1 (June 4, 2009) ("Docket Entry #4 indicate[s] that the Postal Service had already been served."). Before he wrote his June 4 letter, Chin's counsel had received "numerous express warnings" that service on the USPS had not been

completed. June 16 Order at 5. His obstinate claim that service was complete was mistaken at best, and misleading at worst.

Chin offers no evidence to dispute these facts. Nor does Chin offer any argument to dispute the Court's conclusion, based on these facts, that Chin's counsel had engaged in a "pattern of delay and inexplicable noncompliance" that justified the dismissal of Chin's complaint. *Id.* at 6.

Chin's motion for reconsideration is denied.[2]

**SO ORDERED.**

s/FB
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 23, 2009

---

[2] Although the United States Attorney for the Eastern District of New York has never actually appeared in this litigation, the Court will send a courtesy copy of this Memorandum and Order to that office.